**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| LINDA SLIWA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ALLIED HOME MORTGAGE CAPITAL CORPORATION as Plan Administrator for GROUP LONG TERM DISABILITY INSURANCE FOR EMPLOYEES OF ALLIED HOME MORTGAGE CAPITAL CORPORATION; LINCOLN NATIONAL LIFE INSURANCE COMPANY, as Claims Administrator for GROUP LONG TERM DISABILITY INSURANCE FOR EMPLOYEES OF ALLIED HOME MORTGAGE CAPITAL CORPORATION,<br><br>　　　　　　Defendants. | Case No. 2:13-cv-01433-APG-VCF<br><br>**ORDER GRANTING ALLIED HOME MORTGAGE CAPITAL CORPORATION'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Dkt. No. 28) |

　　　Plaintiff Linda Sliwa was an employee of Allied Home Mortgage Capital Corporation and was covered under Allied's group, long-term disability policy. Lincoln National Life Insurance Company issued Allied's policy. Under the policy, Lincoln had the responsibility to determine Sliwa's eligibility, manage her claims, and pay her benefits. Allied, on the other hand, was tasked with administrative responsibilities such as collecting and depositing premiums and maintaining records.

　　　After injuring her back, Sliwa filed a claim for long-term disability benefits. Lincoln denied her claim. Sliwa filed suit alleging Lincoln's denial was wrongful and that she is entitled to her benefits under 29 U.S.C.A. §1132(a)(1)(B).

　　　Allied has moved for summary judgment. (Dkt. #28.). Sliwa argues that Allied, as the plan administrator and thus an ERISA fiduciary, is a proper party. But Sliwa can sue an entity under §1132(a)(1)(B) only if it has the power to approve or pay her benefits. Allied is able to do neither. I therefore grant its motion.

**I.     BACKGROUND**

    **A.  Allied's group long term disability policy**

Lincoln issued Allied a group policy providing long-term disability coverage for approved Allied employees.  Allied's policy contains an exclusion that precludes coverage if a claimant's injury is the result of a preexisting condition.[1]

Allied and Lincoln have distinct roles in administering the disability policy.  As policyholder and plan administrator, Allied handles administrative tasks such as receiving and depositing policy contributions, maintaining records, and selecting the carrier.[2]  In contrast, Lincoln is the claims administrator and pays out benefits.  Lincoln has "sole discretionary authority to determine eligibility and to administer claims in accord with its interpretation of the policy provisions."[3]

    **B.  Sliwa's coverage dispute**

In 2009, Sliwa applied for coverage under Allied's group, long-term disability policy.  Lincoln approved Sliwa's coverage effective February 1, 2010.[4]

Sliwa underwent back surgery in 2011, and filed a claim for short term disability.  After some dispute, Lincoln approved Sliwa's short-term disability claim.[5]  Sliwa eventually filed a long-term disability claim as her condition worsened.  This time, Lincoln denied Sliwa's claim after determining that her back injury fell within the policy's preexisting condition exclusion.[6]

---

[1] The policy sets out specific parameters for determining whether the preexisting conditions exclusion is triggered, but the parties agree the exclusion's requirements are met. (Dkt. #28 at 7.)

[2] (Dkt. #28, Exs. 1, 3, and 4.)

[3] (*Id.* at Ex. 3; Ex. 1, at LNL-SLIWA000730.)

[4] (*Id.* at Ex. 6.)

[5] (*Id.* at Ex. 3.)

[6] (*Id.* at Ex. 8.)

Sliwa internally appealed Lincoln's decision twice.[7] Sliwa argued that Lincoln improperly relied on the preexisting condition exclusion in denying her claim. She alleged she had no knowledge of the exclusion and was never given a copy of the policy, and that Lincoln therefore should not enforce the exclusion.[8] Lincoln denied both of Sliwa's appeals on the grounds that it had sent Sliwa's policy documents to Allied, and that Sliwa thus should have been on notice of the exclusion.[9] Eventually, Sliwa sued both Lincoln and Allied alleging a single claim of wrongful denial of benefits under 29 U.S.C.A. §1132(a)(1)(B).

## II. DISCUSSION

### A. Legal Standard—Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[10] For summary judgment purposes, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[11]

If the moving party demonstrates the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[12] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[13] She "must produce specific evidence, through

---

[7] (*Id.* at Exs. 3, 11, and 12.)
[8] (*Id.*)
[9] (*Id.*)
[10] *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).
[11] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).
[12] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.
[13] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

affidavits or admissible discovery material, to show" a sufficient evidentiary basis on which a reasonable fact finder could find in her favor.[14]

A party must support or refute the assertion of a fact with admissible evidence.[15] As the summary judgment procedure is the pretrial functional equivalent of a directed-verdict motion, it requires consideration of the same caliber of evidence that would be admitted at trial.[16] Thus, it is insufficient for a litigant to merely attach a document to a summary judgment motion or opposition without affirmatively demonstrating its authenticity.

**B. Analysis**

In filing a complaint under §1132(a)(1)(B), a plaintiff requests that the court determine that the plaintiff's benefits claim was wrongfully denied and the defendant must pay benefits under the policy.[17] Thus, a §1132(a)(1)(B) suit is equivalent to judicial review of the claim administrator's decision to deny the plaintiff's benefits claim.

"The proper defendant in a suit for benefits under an ERISA plan is . . . normally the plan itself, rather than the plan administrator, because the plan is the obligor[;] [t]o sue the administrator for benefits is like suing a corporation's CEO to collect a corporate debt."[18] But in *Cyr v. Reliance Standard Life Ins. Co,* the Ninth Circuit explained that, in certain circumstances, "parties other than plans can be sued" under § 1132(a)(1)(B).[19] The Ninth Circuit reasoned that, in addition to the plan itself, plaintiffs should be able to sue a defendant that is responsible for

---

[14] *Bhan v. NME Hosps.*, Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

[15] Fed. R. Civ. Proc. 56(c)(1); *Orr*, 285 F.3d at 773; *Harris v. Graham Enterprises, Inc.*, 2009 WL 648899, at *2 (D. Ariz. Mar. 10, 2009).

[16] *Anderson*, 477 U.S. at 251 (citing *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n.11 (1983)).

[17] *See* 29 USC §1132 (a)(1)(B); *Anderson v. Sun Life Assur. Co. of Canada*, CV-12-00145-TUC-CKJ, 2013 WL 6076547 (D. Ariz. Nov. 19, 2013).

[18] *Feinberg v. RM Acquisition, LLC*, 629 F.3d 671, 673 (7th Cir.2011).

[19] *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1207 (9th Cir. 2011).

4

approving the benefits claim.[20]  The Ninth Circuit explained that "[i]t is not enough to identify a plan administrator as a potential defendant, in addition to the plan itself."[21]  Instead, the standard for liability under § 1132(a)(1)(B) is whether a defendant "has authority to resolve benefit claims or . . . has responsibility to pay them."[22]

Sliwa argues that the cases she cites "establish that any fiduciary is a proper party in a 29 USC §1132 (a)(1)(B) action."[23]  Sliwa is correct only to the extent that any fiduciary is *potentially* a proper party—assuming it is responsible for approving or paying out benefits claims.  Sliwa also cites *Cyr*, contending it "affirm[ed] that the plan administrator and the insurer were both proper defendants in a §1132(a)(1)(B) action because the insurer resolved benefits claims and the plan administrator 'had no authority' to do so."[24]  Sliwa mischaracterizes *Cyr*.  The court did not determine whether the plan administrator was an appropriate party.  In fact, the plan administrator settled out of the case early in the litigation.[25]  Instead, the court set forth the proper standard for determining whether a non-plan entity can be sued under §1132(a)(1)(B): the non-plan entity must be individually responsible for denying or paying the plaintiff's benefits claim.  District courts have widely confirmed this interpretation of *Cyr*'s holding.[26]

---

[20] *Cyr*, 642 F.3d at 1207. *See also* 29 U.S.C.A. § 1132 ("Any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter.").

[21] *Id.*

[22] *Sender v. Franklin Res., Inc.*, 931 F. Supp. 2d 959, 973 (N.D. Cal. 2013) (interpreting the holding in *Cyr*).

[23] (Dkt. #33 at 4-5.)

[24] (*Id.*)

[25] *Cyr*, 642 F.3d at 1204.

[26] *See, e.g., Echague v. Metro. Life Ins. Co.,* 12-CV-00640-WHO, 2014 WL 2089331 (N.D. Cal. May 19, 2014); *Cox v. Reliance Standard Life Ins. Co.,* 1:13-CV-00104-AWI, 2014 WL 896985 (E.D. Cal. Mar. 6, 2014) ("The proper defendant to a section 1132(a)(1)(13) claim is the party with authority to resolve benefit claims or responsibility to pay them."); *Sender*, 931 F.

As explained above, the principles announced by the Ninth Circuit cut against Sliwa's position. Sliwa's complaint asserts a single claim under 29 U.S.C.A. § 1132(a)(1)(B) "to recover benefits due to [her] under the terms of [her] plan.[27] Other than the plan, proper parties in such an action are only those who were individually responsible for denying or paying the benefits claim. Allied has provided admissible evidence establishing that Lincoln was the only entity with the power to approve or deny Sliwa's benefits claim.[28] Sliwa has not claimed that Allied breached its fiduciary duties.[29] There is no need, or logic, to keep Allied in this case.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Allied Home Mortgage Capital Corporation's motion for summary judgment is GRANTED.

DATED THIS 5th day of January, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

Supp. 2d at 972; *Anderson v. Sun Life Assur. Co. of Canada*, CV-12-00145-TUC-CKJ, 2013 WL 6076547 (D. Ariz. Nov. 19, 2013) ("The Court finds that according to *Cyr*, the entity with the authority to resolve benefit claims is the proper defendant in an action to recover benefits. Thus, an entity with no authority to resolve benefit claims or any responsibility to pay them is not a proper defendant to recover benefits as authorized by § 1132(a)(1) (B)."); *McNally v. Eye Dog Found. for the Blind, Inc.,* 1:09-CV-01184 AWI, 2011 WL 3847078 (E.D. Cal. Aug. 30, 2011).

[27] 29 U.S.C.A. § 1132(a)(1)(B). Sliwa alleges only this provision in her complaint. (Dkt. #1.)

[28] (Dkt. #28, at Ex. 3; Ex. 1, at LNL-SLIWA00073 0.)

[29] For example, Sliwa did not sue under 29 U.S.C.A. § 1132(c), which permits recovery for failure to provide plan documents. *See, e.g., Serpa v. SBC Telecommunications, Inc.,* C03-4223 MHP, 2004 WL 3204008 (N.D. Cal. Dec. 8, 2004) (addressing breach of administrative duties under ERISA).