UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINDA SLIWA, | Case No. 2:13-cv-01433-APG-VCF |
| Plaintiff, | |
| v. | **ORDER REMANDING CASE** |
| ALLIED HOME MORTGAGE CAPITAL CORPORATION as Plan Administrator for GROUP LONG TERM DISABILITY INSURANCE FOR EMPLOYEES OF ALLIED HOME MORTGAGE CAPITAL CORPORATION; LINCOLN NATIONAL LIFE INSURANCE COMPANY, as Claims Administrator for GROUP LONG TERM DISABILITY INSURANCE FOR EMPLOYEES OF ALLIED HOME MORTGAGE CAPITAL CORPORATION, | (Dkt. No. 29) |
| Defendants. | |

Linda Sliwa was covered under a group, long-term disability plan administered by Lincoln National Life Insurance Company. Sliwa injured her back and filed a claim. Lincoln denied the claim after determining Sliwa was within the policy's pre-existing condition exclusion. Lincoln also denied Sliwa's two internal appeals. Sliwa subsequently filed a complaint in this court challenging Lincoln's decision.

Lincoln moves for judgment against Sliwa under Fed.R.Civ.P. 52. (Dkt. #29.) However, the evidence Lincoln submits in support of its motion was not offered or cited during the administrative process. Because I am bound to the evidence cited in the administrative record, and because the parties are both amenable, I remand this case back to Lincoln as the claims administrator. On remand, the factual record should be fully developed, and Lincoln should make its benefits determination based on the full record.

## I. BACKGROUND

While employed at Allied Home Mortgage Capital Corporation in 2009, Sliwa applied for coverage under Allied's group, long-term disability policy. Lincoln approved Sliwa's coverage effective February 1, 2010.[1] Sliwa underwent back surgery in 2011 and filed a claim for short term disability. After some dispute, Lincoln approved Sliwa's short-term disability claim.[2] Sliwa eventually filed a long-term disability claim as her condition worsened. This time, however, Lincoln denied Sliwa's claim after determining that her back injury fell within the long-term policy's preexisting condition exclusion.[3]

Sliwa appealed the denial twice with Lincoln.[4] She argued that Lincoln improperly relied on the preexisting condition exclusion in denying her claim.[5] She alleged she was unaware of the exclusion, that she was never given a copy of the policy, and that Lincoln representatives had informed her the exclusion would not apply.

Lincoln denied both of Sliwa's appeals, finding that it had sent Sliwa's policy documents to Allied and that Sliwa thus should have been on notice of the preexisting condition exclusion.[6] Lincoln did not cite any other factual evidence related to whether Sliwa knew of the exclusion, and it did not obtain any records from Allied. Eventually, Sliwa sued Lincoln and Allied in this court alleging a single claim of wrongful denial of benefits under 29 U.S.C.A. §1132(a)(1)(B).

/ / / /

/ / / /

---

[1] (*Id.* at Ex. 6.)

[2] (*Id.* at Ex. 3.)

[3] (*Id.* at Ex. 8.)

[4] (*Id.* at Exs. 3, 11, and 12.)

[5] (*Id.*)

[6] (*Id.*)

## II.     DISCUSSION

### A. Analysis

In filing a §1132(a)(1)(B) suit, a plaintiff requests that the court determine that a benefits claim was wrongfully denied and that the defendant must pay out benefits under the policy.[7] A §1132(a)(1)(B) suit is equivalent to judicial review of an administrator's decision to deny a plaintiff's benefits claim.[8] Where, as here, the administrator is given discretion to interpret the policy and make eligibility decisions, the court reviews the administrator's decision for abuse of discretion.[9] "While under an abuse of discretion standard . . . review is limited to the record before the . . . administrator."[10]

In its motion, Lincoln correctly argues I should review its claim determination for abuse of discretion. But it then improperly relies on evidence not considered during the administrative process. In other words, Lincoln demands abuse of discretion review of its decision, but implicitly requests I conduct a *de novo* review of the facts. Lincoln's arguments rely on a summary of benefits form Sliwa allegedly received, telephone recordings allegedly confirming Sliwa knew of the exclusion, and a declaration from Allied alleging Sliwa was given policy

---

[7] *See* 29 USC §1132 (a)(1)(B); *Anderson v. Sun Life Assur. Co. of Canada*, CV-12-00145-TUC-CKJ, 2013 WL 6076547 (D. Ariz. Nov. 19, 2013).

[8] *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 973 (9th Cir. 2006).

[9] If a plaintiff shows the administrator has "flagrantly" disregarded ERISA's procedural requirements, a *de novo* standard may apply. *Abatie*, 458 F.3d at 969. But Sliwa's allegations that Lincoln failed to properly request information from Allied during the administration process, or that Lincoln failed to provide Sliwa with the policy documents, do not evince a "flagrant" disregard for procedure. *Carder-Cowin v. Unum Life Ins. Co. of Am.,* 560 F. Supp. 2d 1006 (W.D. Wash. 2008) (failure to provide plan documents did not constitute flagrant disregard for procedures). Lincoln likely did not even violate ERISA by relying on Allied to provide Sliwa's plan documents. *See Hoffman v. Am. Soc. for Technion-Israel Inst. of Tech., Inc.,* 09-CV-2482 BEN KSC, 2013 WL 603551 (S.D. Cal. Feb. 12, 2013) (claims administrator did not violate ERISA by failing to provide the plaintiff with policy documents because the plan administrator, not the claims administrator, had the duty to provide documents).

[10] *Jebian v. Hewlett–Packard Co. Employee Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1110 (9th Cir.2003) (internal citations omitted).

documents.[11]  None of this evidence was part of the record Lincoln used to make its determination during the administrative process.  Because Lincoln's motion focuses entirely on this new evidence, Lincoln did not give Sliwa adequate notice of the reasons and evidence supporting the claim denial.[12]  And because Lincoln did not adequately develop the factual record during the administrative process, I cannot properly review its decision.  Sliwa should have been provided with this evidence, and a chance to rebut it, during the administrative process.[13]

ERISA gives courts a wide range of remedial powers, including the authority to remand where an administrator has improperly developed the facts or applied the law.[14]  Because the factual record was not fully developed during the administrative proceeding, and because both parties are amenable,[15] I remand this case back to Lincoln as the claim administrator.  On remand, the factual record should be fully developed, and Lincoln should make its benefits determination based on a full record.

### III.  CONCLUSION

IT IS THEREFORE ORDERED this case is REMANDED to the claim administrator, Lincoln National Life Insurance Company.

////

////

---

[11] (Dkt. #29, Ex. 6.)

[12] *Abatie,* 458 F.3d at 974; *see also* 29 U.S.C. § 1133(1).

[13] *Abatie*, 458 F.3d at 973.

[14] *Duncan v. Hartford Life & Acc. Ins. Co.,* No. 2:11-CV-01536-GEB, 2013 WL 506465, at *9 (E.D. Cal. Feb. 8, 2013) ("This case presents one of those scenarios where the plan administrator has failed to comply with the ERISA guidelines and the proper course of action is to remand to the plan administrator for a full and fair review."); *Beaver v. Bank of the W. Welfare Benefits Plan*, No. C 09–02177 WHA, 2010 WL 1030464, at * 11 (N.D.Cal. Mar. 18, 2010) (citing *Williamson v. UNUM Life Ins. Co.,* 160 F.3d 1247 (9th Cir.1998)); *Doe v. Life Ins. Co. of N. Am. (LINA),* 737 F. Supp. 2d 1033, 1046 (N.D. Cal. 2010); *Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan*, 85 F.3d 455, 461 (9th Cir.1996).

[15] (Dkt. #34 at 10; Dkt. #27 at 6.)

IT IS FURTHER ORDERED that the Clerk of the Court is instructed to close the case.

DATED THIS 5th day of January, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE