UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LINDA SLIWA,<br><br>        Plaintiff,<br><br>        v.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY as Claims Administrator for GROUP LONG TERM DISABILITY INSURANCE FOR EMPLOYEES OF ALLIED HOME MORTGAGE CAPITAL CORPORATION,<br><br>        Defendant. | Case No. 2:13-cv-01433-APG-VCF<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR JUDGMENT**<br><br>(ECF Nos. 59, 60) |

      Plaintiff Linda Sliwa brings a claim for wrongful denial of ERISA benefits arising out of the denial of her claim for long-term disability (LTD) benefits by defendant Lincoln National Life Insurance Company. Lincoln is the claims administrator for a disability benefits plan offered through Sliwa's former employer, Allied Home Mortgage Capital Corporation.[1] Sliwa claims that although the LTD policy's pre-existing condition exclusion applies to her situation, Lincoln was forbidden to enforce it against her because she never received a copy of the policy.

      Lincoln argues the policy was delivered to Sliwa or, at a minimum, she was on notice of the pre-existing condition provision based on a summary of benefits she received and telephone conversations she had with Lincoln representatives. Both parties move for judgment on the paper record. I conclude that Lincoln did not abuse its discretion in determining that Sliwa received a copy of the policy. I therefore grant Lincoln's motion for judgment.

/ / / /

/ / / /

/ / / /

---

[1] Allied, the plan administrator, was a defendant in this case, but I granted its motion for summary judgment in 2015. ECF No. 41.

I.   **STANDARD OF REVIEW**

The parties bring competing motions for judgment under Federal Rule of Civil Procedure 52, which is the appropriate procedure for an ERISA case. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1094–95 (9th Cir. 1999) (en banc). The trial court in such cases states its findings of fact and conclusions of law. *Burke v. Pitney Bowes Inc. Long Term Disability Plan*, 640 F. Supp. 2d 1160, 1170 (N.D. Cal. 2009).

II.  **FINDINGS OF FACT**

Sliwa began working as an underwriter for Allied Home Mortgage Capital Corporation in November 2009. ECF No. 55-1 at 2. Lincoln issued short-term disability (STD) and LTD policies provided under Allied's employee benefit plan. Sliwa enrolled in both plans, effective February 1, 2010. *Id.* The LTD plan had a pre-existing condition exclusion stating that it:

> will not cover any Total or Partial Disability (1) Which is caused or contributed to by, or results from a Pre-Existing Condition; and (2) Which begins in the first 24 months after the Insured Employee's Effective Date; unless such Insured Employee received no Treatment of the condition for 12 consecutive months after the Insured Employee's Effective Date.

ECF No. 55-26 at 67.

Sliwa claimed disability leave on February 14, 2011, just over 12 months after her initial enrollment date on the two disability policies. ECF No. 55-1 at 2. Lincoln paid her STD claim covering the period February 21, 2011 through May 23, 2011. ECF No. 55-2 at 60. Lincoln subsequently converted Sliwa's STD claim into an LTD claim for consideration of payment of LTD benefits. Lincoln denied the claim on April 2, 2012, finding it precluded by the LTD pre-existing condition provision. *Id.* at 5–8.

Sliwa appealed, arguing that the exclusion should not be enforced because she never received a copy of the plan. ECF No. 55-1 at 89–91. She also contended a Lincoln

representative had led her to believe that so long as she qualified for STD coverage, a later LTD claim would not be subject to additional review for a pre-existing condition exclusion. *Id.* at 97. Lincoln denied the appeal, citing the policy exclusion. *Id.* at 76. Sliwa appealed again and Lincoln again denied, exhausting Sliwa's administrative remedies. *Id.* at 56–58.

Sliwa then brought this suit, which I remanded in January 2015 for Lincoln to make an administrative determination on a fully developed factual record. *See* ECF No. 42. In April 2015, Lincoln completed its review of Sliwa's claim and again denied benefits. ECF No. 56-2 at 23–25. With respect to plan delivery, Lincoln wrote:

> [D]ocumentation obtain[ed] during our review . . . indicates that certificates were provided to the group for distribution. Our documentation further indicates that a named certificate was generated for Ms. Sliwa on her effective date of 02/01/2010. Ms. Pizana has provided a declaration that a copy of the approval letter and plan documents are kept in employee files as their proof of distribution.
>
> During our oversight review we did consult with Ms. Pizana to confirm the accuracy of her previous declaration. She confirmed that her statement was accurate and that Ms. Sliwa's certificate would have been mailed to her since she did not work at the corporate office location.

*Id.* at 23–24. The Pizana declaration to which Lincoln refers in this letter was created in January 2014 on behalf of Allied, during the pre-remand litigation. It states, in relevant part:

> I am currently employed by 1SourceHR Corporation ("1Source") as the Senior Vice President for Human Resources. 1Source provides human resource services for [Allied]. . . .
>
> After Lincoln approved an application for enrollment in the LTD plan, Lincoln sent Allied two copies of the enrollment approval letter and LTD plan documents for the new insured employee. It was Allied's practice to keep one copy of the insured employee's enrollment approval letter and plan documents in the employee's personnel file and to forward the second copy to the insured employee. . . .

> Allied's records show the enrollment approval letter and plan documents were delivered to Ms. Sliwa, as evidenced by the one copy of each document remaining in Ms. Sliwa's file.

ECF No. 28-7 at 3.

### III. CONCLUSIONS OF LAW

#### A. Abuse of Discretion

Both parties agree that I review Lincoln's determination as to Sliwa's eligibility for abuse of discretion. ECF No. 59 at 6; ECF No. 60 at 9. An ERISA claims administrator abuses its discretion if its decision is "illogical," "implausible," or "without support in inferences that may be drawn from the facts in the record." *Salomaa v. Honda Long Term Disability Plan*, 637 F.3d 958, 967 (9th Cir. 2011). Lincoln reached its determination through a combination of factual determinations and plan interpretation. Both are reviewed for abuse of discretion. *See, e.g.*, *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1070 (9th Cir. 1999). I determine legal issues as to how to interpret ERISA's requirements de novo. *Admiral Packing Co. v. Robert F. Kennedy Farm Workers Med. Plan*, 874 F.2d 683, 684 (9th Cir. 1989).

Sliwa argues that Lincoln's discretion must be subjected to heightened scrutiny because Lincoln has a structural conflict of interest given it both funds the plan and determines benefit eligibility. ECF No. 60 at 9 (citing *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955 (9th Cir. 2006)). *Abatie* directs:

> The level of skepticism with which a court views a conflicted administrator's decision may be low if a structural conflict of interest is unaccompanied, for example, by any evidence of malice, of self-dealing, or of a parsimonious claims-granting history. A court may weigh a conflict more heavily if, for example, the administrator provides inconsistent reasons for denial; fails adequately to investigate a claim or ask the plaintiff for necessary evidence; fails to credit a claimant's reliable evidence; or has repeatedly denied benefits to deserving participants by interpreting

      plan terms incorrectly or by making decisions against the weight of evidence in the record.

458 F.3d at 968–69 (citations omitted).  The evidence does not show Lincoln has acted with malice, repeatedly interpreted plan terms incorrectly, or the like.  As I discuss below, Lincoln found unpersuasive in light of other evidence a statement by Sliwa that she did not receive a copy of the policy, but this does not mean Lincoln "fail[ed] to credit . . . reliable evidence."  I therefore review Lincoln's exercise of discretion with a low level of skepticism.

    **B. Delivery or Other Actual Notice as a Prerequisite for Application of the Pre-Existing Condition Exclusion**

    Sliwa concedes that the pre-existing condition exclusion for LTD benefits would apply to her, but argues that Lincoln cannot enforce it unless it can show she received a copy of the official disability benefits policy.  Lincoln responds that policy terms are enforceable regardless of delivery, and that, even if not, it was entitled to conclude that Sliwa either received the policy or was otherwise on notice of the pre-existing condition provision.

        *i.   The "reasonable expectations" doctrine*

    ERISA preempts conflicting state law, but it "does not mean that general principles of state law are irrelevant" to interpretation of ERISA-governed contracts. *Saltarelli vs. Bob Baker Group Medical Trust*, 35 F.3d 382, 386 (9th Cir. 1994).  On the contrary, courts are directed to formulate "federal common law to supplement the explicit provisions and general policies set out in ERISA." *Id.*

    The Ninth Circuit has adopted the "reasonable expectations" doctrine with respect to ERISA policy exclusions:

> An insurer wishing to avoid liability on a policy purporting to give general or comprehensive coverage must make exclusionary clauses conspicuous, plain, and clear, placing them in such a fashion as to make obvious their relationship to other policy terms, and must bring such provisions to the attention of the insured.

*Id.* at 386.  Courts have interpreted the "reasonable expectations" doctrine to require claims administrators to either ensure policyholders receive a copy of the policy or are otherwise put on notice of its provisions before claims administrators can apply an exclusion.  *See, e.g.*, *Investor's Nat. Life Ins. Co. v. Norsworthy*, 287 S.E.2d 66, 67 (Ga. 1981) ("In order for the appellant insurance company to rely on the exclusions in its policy, it must show that the certificate of insurance was delivered or that the insured otherwise had notice . . . ."); *Butte vs. Stonebridge Life Ins. Co.*, 2012 WL 1080286, *2 (D. Nev.) ("[T]he Court believes that Nevada would prohibit insurers from applying exclusions of which the insured had no notice.").

  Keeping in mind our standard of review (abuse of discretion), Lincoln therefore must show that it did not abuse its discretion in concluding Sliwa received a copy of the plan or that she was otherwise on actual notice of the policy.

    *ii. Lincoln did not abuse its discretion in determining that Sliwa received a copy of the policy.*

  I must determine whether Lincoln's conclusion that Sliwa was on notice of the pre-existing condition exclusion was "illogical," "implausible," or "relie[d] on clearly erroneous findings of fact." *Salomaa*, 637 F.3d at 967; *Boyd v. Bell*, 410 F.3d 1173, 1178 (9th Cir. 2005). The evidence arguably supports such a finding, so I conclude Lincoln did not abuse its discretion.

  On remand from this court, Lincoln's determination on the full record included inquiry into whether Sliwa received a copy of the policy or was otherwise on notice of the pre-existing condition exclusion.  Lincoln relied on the declaration from Cynthia Pizana (quoted above), who averred to Allied's practice of keeping a copy of the employee's enrollment approval letter and plan documents in the personnel file and forwarding a copy to the insured employee. ECF No. 28-7 at 3.  Pizana later clarified, in response to inquiry from Lincoln, that "Ms. Sliwa's certificate would have been mailed to her since she did not work at the corporate office

location." ECF No. 56-2 at 24–25.  These plan documents included the language regarding the pre-existing condition exclusion.

Sliwa argues that Pizana's declaration lays insufficient foundation for her knowledge about the matters it describes. ECF No. 60 at 11–12.  She also complains that Pizana's statement about how the policy was delivered was not put into a declaration. ECF No. 62 at 12.  But an ERISA claims administrator "is not a court [and] is not bound by the rules of evidence." *Karr v. National Asbestos Workers Pension Fund*, 150 F.3d 812, 814 (7th Cir. 1998).  Pizana's declaration laid sufficient foundation for her testimony and it was appropriate for Lincoln to consider it.[2]

The evidence Lincoln reviewed that would suggest the opposite finding consisted of Sliwa's sworn statement that she did not receive any documentation and the lack of more precise records showing when and how the policy was delivered.  Lincoln did not abuse its discretion in viewing Sliwa's statement as self-serving and unverifiable, and therefore of limited evidentiary weight.  Lincoln was entitled to conclude the Pizana declaration outweighed Sliwa's affidavit.  Such a finding was certainly not "clearly erroneous."

Lincoln representatives were far from models of clarity in the documented phone conversations with Sliwa. *See* ECF No. 56-10 at 35–41 (July 2010 conversation with Debbie Osmera), 49–56 (January 2011 conversation with "Kelly").  But because Lincoln did not abuse its discretion in determining that the actual plan document was sent to Sliwa, the phone

---

[2] Sliwa points to *Butte*, 2012 WL 1080286 at *2–*3, where the court called into question the reliability of a declaration used by the defendant to prove policy delivery.  The case is distinguishable for two reasons.  First, there the court was deciding a motion for summary judgment, so it only looked for a genuine issue of material fact.  Here, by contrast, rather than construing the facts in favor of the non-moving plaintiff, I apply the lenient "abuse of discretion" test to Lincoln's factual findings.  Second, the shortcomings of the declaration in *Butte* were more profound: the declarant attested to a practice from eleven years before (here four), failed to specify that it described the insurer's "current practice," and addressed practices for different insurance policies than that under consideration in the case. *Id.* at *3.

conversations are immaterial.  Allegedly ambiguous oral interpretations cannot "enlarge [a plaintiff's] rights against the plan beyond what he could recover under the unambiguous language of the plan itself." *Greany v. Western Farm Bureau Life Ins. Co.,* 973 F.2d 812, 821 (9th Cir. 1992).

### IV.    CONCLUSION

IT IS THEREFORE ORDERED that the defendant's motion for judgment **(ECF No. 59) is GRANTED** and the plaintiff's motion for judgment **(ECF No. 60) is DENIED**.  The clerk of court shall enter judgment in favor of defendant Lincoln National Life Insurance Company and against plaintiff Sliwa.

DATED this 8th day of February, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE